## PEOPLE *ex rel.* BERRY *vs.* GEDDES.

Article 6. sec. 22, revised constitution, provides that "whenever a Judge shall remove beyond the limits of the jurisdiction for which he was elected, or a Justice of the Peace from the township in which he was elected, or by a change of the boundaries of such township shall be placed without the same, they shall be deemed to have vacated their respective offices." The act incorporating the city of Adrian out of portions of two townships, contains a provision that the Justices previously elected in said townships shall respectively be retained in office until the expiration of the terms for which they were elected. But as the act changed the boundaries of said townships, this provision conflicts with said 6th article of the constitution, and is void.

Motion for a mandamus.

*D. C. Holbrook*, for relator.

————————, for respondent.

By the Court, WHIPPLE, J.

This is a motion for a mandamus to the respondent, directing him to issue process against one David Kimball at the suit of the relator. The affidavit upon which the motion is founded presents all the facts necessary to authorize the issuing of process, provided the jurisdiction to issue the same is conferred upon the relator by virtue of his election as a Justice of the Peace for the township of Madison in 1851, and the act of the Legislature entitled "An Act to Incorporate the City of Adrian," passed at the recent session of the Legislature. The respondent, both under the old and new constitution, would hold office for four years unless some contingency has happened which under the constitution creates a vacancy, or cuts short the period for which he was elected.

Article 6, sec. 22, of the revised constitution, provides that "whenever a Judge shall remove beyond the limits of the jurisdiction for which he was elected, or a Justice of the Peace from the township in which he was elected, or by a change in the boundaries of such township shall be placed without

the same, they shall be deemed to have vacated their respective offices." By the act incorporating the "City of Adrian" it appears that certain portions of the townships of Adrian and Madison, therein particularly described, now constitute the city, and by the 5th section of the act the justices heretofore elected for the townships of Adrian and Madison respectively, were to remain in office until the expiration of the term for which they were elected.

The affidavit shows that the respondent resides within the corporate limits of the city thus carved out of these townships, and has by the act been placed without the boundaries of the township of Madison. The contingency, therefore, contemplated by the constitution has occurred, and he must be deemed to have vacated his office. The 6th section of the act is in direct conflict with the constitution and must be declared void.

The motion for a mandamus is denied.